Cumberland Telephone & Telegraph Company v. George C. Paine.

[48 South. 229.]

Punitive Damages. *Telephone company. Denying service*

Where a telephone company, in an effort to obey the order of a supervising state commission, abolishing free county telephone service and fixing charges, forwarded a general circular to the managers of its exchanges in the state directing a compliance with the order, and the manager of an exchange, not knowing that the franchise of the company in his city required it to extend such services free to its patrons there, courteously denied plaintiff free county service, until his attention was called to the franchise when he at once communicated with his company and promptly resumed the free service, the company is not liable to plaintiff for punitive damages because of such denial..

From the circuit court of Monroe county.

Hon. Eugene O. Sykes, Judge.

Paine, appellee, was plaintiff in the court below; the telephone company, appellant, was defendant there. From a judgment in plaintiff's favor, for $200, defendant appealed to the supreme court.

Plaintiff based his claim for damages on the terms of a franchise granted by the city of Aberdeen to the telephone company, as set forth in an ordinance of that city, and which provided that "there shall be a free intercommunication between Aberdeen and other subscribers in Monroe county." Aberdeen and Amory were both in Monroe county, and plaintiff was a subscriber of the telephone company, and the party whom he called at Amory was also a subscriber. Plaintiff put in his call, and was told by the person at the exchange receiving his call that he would have to pay ten cents. He replied that he was entitled to free county service by the terms of the franchise granted the telephone company, and was advised that the persons in charge of the local exchange had instructions from the home office to discontinue the free county service and therefore refused plaintiff the connection demanded by him.

No actual damages were claimed to have been sustained, and the telephone company insisted that the charge in this instance resulted from an oversight, and set up that the Mississippi Railroad Commission had made an order abolishing what was known as free county service throughout the state of Mississippi, theretofore established by order of the commission, and fixing the charges which the telephone company should exact for service between exchanges in the same county, and that after this order of the Railroad Commission was made the company sent instructions to all its exchanges to discontinue free county service in accordance with the order of the Commission. The manager of the exchange at Aberdeen received a copy of these instructions, and as soon as he found out that they were in conflict with the franchise granted by the city of Aberdeen he wrote to the manager about it and received instructions to put back into effect the old free county service. However in the meantime plaintiff has been refused the free county service demanded by him.

It was shown that plaintiff was courteously and politely treated when free service was refused him.

*Harris & Willing,* for appellant.

In no aspect of this case can the judgment for two hundred dollars against the telephone company be sustained. In the first place, the plaintiff bases his claim upon a breach of the contract which the telephone company had with the city of Aberdeen. Conceding that he had a right to sue under that contract upon the idea that it was made for his benefit, or for the benefit of the subscribers of the exchange in the town of Aberdeen, he cannot recover punitive damages, because punitive damages are never awarded for breach of contract. This is elementary law. But, aside from this, the circumstances of the case as shown by the record would not warrant the awarding of punitive damages even if it should be treated as an action of tort. It is clearly shown that there was simply a mistake made in this particular case, which was promptly corrected as soon as it was found that the mistake had been made. The manager and the operator at Aberdeen were acting under the general instruction which had been sent out (mailed out, doubtless, by some clerk at Nashville), to all exchanges, and they, manifestly, thought they were doing what they had a right to do when they refused him service. *Railroad Co v. Marlett,* 78 Miss. 872, 29 South. 62.

*McFarland & McFarland,* for appellee.

The case is the result of the appellant company giving instructions to its Aberdeen office, in utter disregard of the agreement with the city of Aberdeen, to furnish free connection to its subscribers in Monroe county.

The jury passed upon the question of whether or not there was such a disregard of the rights of the telephone subscribers in Aberdeen and the appellee in particular, as to make appellant liable for punitive damages, and we do not see how under the facts in this case the verdict can be set aside.

If this case is reversed it will let down the bars to any corporation which desires to flagrantly override the rights of the

citizens of the county or state, and persisting to do so until some one brings suit, and then the corporation will claim that it was the mistake of the "little operator" and thus escape all liability.

What is to prevent appellant from again sending instructions to its Aberdeen office to charge toll to its city subscribers for county connection, and collecting tolls until sued, and then claiming it made a mistake.

The appellant company knew of the contract with the city of Aberdeen in reference to free county service but disregarded it entirely. The best way to keep this fact fresh in its manager's mind is to affirm this judgment of $200.

*George C. Paine,* on the same side.

It is apparent that the only question in the case is: "Ought the jury to have given a verdict for punitive damages?

If there ever can be a wilful wrong, evincing a disregard of the rights of others, the attempted order of the appellant to charge the subscribers of Aberdeen for phone connection with its other county subscribers, constituted it.

The testimony shows that appellee was a regular subscriber to the appellant and was justly entitled to its service; that the Bank of Amory was in Monroe county, and was a regular subscriber to appellant and as such was entitled to its service.

The appellee requested the free service and was refused; then he protested and called appellant's attention to the fact that it was under contract to give free service, and even a request to confer with its manager as to why a refusal was given was denied. For a truth such conduct constituted a wilful wrong, and evinced a disregard of appellee's rights.

FLETCHER, J., delivered the opinion of the court.

The sole question presented for decision in this case was the action of the trial court in submitting to the jury the question of punitive damages. While it may be true that the appellant

company, under its contract with the city of Aberdeen, was under the legal duty of furnishing to all its local subscribers free connection with all its other telephones in Monroe county, yet there is totally wanting in this case any element of wilful, malicious, fraudulent, or oppressive wrongdoing. The general officers of the company did no more than to promulgate, in a general circular addressed to all its Mississippi managers, the then recently adopted order of the Mississippi Railroad Commission authorizing the abolition of free county service, with a direction to all employees that they should be governed by these new rules. The local manager simply followed instructions, in ignorance of the conflict between these rules and the contract which the company had with the city of Aberdeen. As soon as this conflict was called to his attention, he took the matter up with the home office, and the free county service was promptly re-established in Aberdeen. There is no pretense that the operator was otherwise than polite and courteous to Mr. Paine, and we cannot see any ground for the imposition of punitive damages.

It was error to permit the jury to inflict such damages, and for that reason the case is *reversed and remanded.*